UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**TERRY ROBERTS,**

    **Plaintiff,**

v.                                                                      Case No. 3:03-CV-55-J-025TEM

**RAYONIER, INC., a foreign corporation,
and JOHN P. O-GRADY,**

    **Defendants.**
_____/

## ORDER

Before the Court is Plaintiff Roberts' Motion to Alter the Judgment (Dkt. 171), Defendant's response thereto (Dkt.174), Defendant Rayonier Inc.'s Motion for Reconsideration (Dkt. 175) and Plaintiff's response thereto (Dkt. 176).

Plaintiff asks this Court to reinstate and rule on his motion for partial summary judgment (Dkt. 54) which was filed on January 16, 2004 which was deemed moot when this Court granted Defendant's motion for summary judgment. The Court of Appeals for the Eleventh Circuit affirmed summary judgment in this case regarding the finding that Plaintiff was not disabled and that the state law claims should be dismissed but vacated the determination of Plaintiff's accommodation retaliation claim and his medical test retaliation claim and remanded these claims for determination. Plaintiff now argues that the claims which were reversed and remanded by the Eleventh Circuit encompass those claims on which he sought summary judgment. Defendant opposes this motion arguing that the Eleventh Circuit held that issues of material fact remain regarding Rayonier's mixed motive defense, and thus summary judgment is not appropriate. Alternatively, Defendant asks this Court to reconsider and grant its motion for leave to file a supplemental summary judgment motion.

Plaintiff's motion was timely filed, and thus will be considered by the Court in light of the Eleventh Circuit's ruling.

## I. Standard of Review

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant has met his burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' to designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

This Court recognizes that it may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers National Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). A dispute about a material fact is genuine, and summary judgment is inappropriate, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Haves v. City of Miami*, 52 F.3d 918, 921 (1995). Of course, the district court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). If the district court finds, under the relevant standards, that reasonable jurors could find a verdict for the nonmoving party

since a disputed factual issue exists, judgment should be denied. However, there must exist a conflict in substantial evidence to pose a jury question. *Walker v. Nationsbank of Florida N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995) (quoting *Verbraeken v. Westinghouse Electric Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989)).

## II. Plaintiff's Partial Motion for Summary Judgment

Plaintiff moves for partial summary judgment on four separate issues: 1) the assessment process that Rayonier required Plaintiff to participate in was a medical/psychological examination pursuant to the Americans with Disabilities Act (ADA) and the Florida Civil Rights Act (FLCA); 2) the Defendant cannot show that its assessment was job related and consistent with business necessity when it requested that Plaintiff participate in its assessment process; 3) the Plaintiff was terminated because of his opposition to the request that he participate in Defendant's assessment in violation of the ADA and FCRA; and 4) the Defendant did not have a good faith reasonable belief that Plaintiff disclosed confidential attorney-client information while employed by the Defendant and thus can not assert this belief as a legitimate non-discriminatory justification for the termination of Plaintiff.

The Court finds that there is a disputed issue of material fact as to whether the assessment was a medical/psychological examination pursuant to the ADA. Plaintiff presents the opinion testimony of Dr. Virzi, a certified and practicing psychologist, to support his contention that the assessment is medical because it provides evidence that would lead to the identifying of a mental disorder or impairment. Virzi Dep. 195:20-202:25, Nov. 21, 2003. Defendant offers the testimony of Dr. Crisera, an industrial psychologist who has administered the assessment for Defendant for almost 30 years, to support its contention that the assessment analyzes the strengths and weaknesses

of a candidate for employment or promotion, and is not a psychological testing instrument intended to diagnose mental illness. Crisera Dep. 37:13-39:19, Dec. 17, 2003. The Court finds that the conflicting expert testimony is sufficient to create an issue of material fact that precludes summary judgment on this issue.

The Court finds no disputed issue of material fact as to whether Defendant's request that Plaintiff submit to the assessment was job related or consistent with business necessity. Mental and physical examinations are allowable if the examination is used to determine whether the "employee can perform job-related functions." 42 U.S.C. § 12112(d)(4)(B); *Watson v. City of Miami Beach*, 177 F.3d 932, 935-36 (11th Cir. 1999)(holding that a fitness for duty examination and tuberculosis test were job related for a perceived hostile officer); *William v. Motorola*, 303 F.3d 1284, 1291 (11th Cir. 2002)(observing inquiries into the mental health of an employee that reflect a concern for the safety of employees are job related). Plaintiff argues that the facts presented indisputably show that the Rayonier assessment was not job related nor consistent with business necessity. Plaintiff points to the deposition testimony of Mr. O'Grady, Plaintiff's supervisor and the individual who requested the assessment of Plaintiff, where he stated the assessment was "no big deal" and it was "like having your picture taken, everybody gets it done." O'Grady Dep. 86:23-24, 89:03-04, 271:04, 298:25, 328:19, Dec. 4, 2003. Numerous Rayonier employees stated that the reason Plaintiff was to undergo the assessment was because he hadn't done it before. O'Grady Dep. 88:12, White Dep. 78:20, Nov. 11, 2003, Sassi Dep. 242:01-02, Nov. 24, 2003, Crisera Dep. 60:18. O'Grady also stated that had he not been assessed, Plaintiff would have been able to perform the functions of the job. O'Grady Dep. 329:06-07. Defendants do not respond to this issue and thus present no evidence which would create a genuine issue of material fact. Thus, if the assessment is determined to be a mental

examination as defined by the ADA, Defendant has presented no evidence to support a defense that the assessment was job related or consistent with business necessity and thus summary judgment on this issue is proper.[1]

The Court finds a disputed issue of material fact regarding the reason for Plaintiff's termination. Plaintiff argues that his termination was in retaliation for his opposition to the required medical examination and/or his request to be excused from the requirement of undergoing the prohibited medical examination. Additionally, Plaintiff argues that Rayonier did not honestly believe that he disclosed confidential information to Archibald Thomas, Esq. and thus must be prevented from using this defense. The Eleventh Circuit remanded this case determining that the "evidence creates a material factual dispute on the issue of whether or not Rayonier would have fired Roberts for legitimate reasons." *Roberts v. Rayonier*, No. 04-14031, slip op. at 19 (11th Cir. June 16, 2005). Because a factual determination of Defendant's motive for terminating Plaintiff is at the heart of both of these issues, Plaintiff's motion for summary judgment on these issues is denied.

Therefore, Plaintiff's motion is granted in part and denied in part in accordance with this Order.

### III. Defendant's Motion for Reconsideration

Defendant's request for reconsideration of the October 5, 2005 Order denying its motion to file a supplemental motion for summary judgment is denied. Defendant filed its first motion for

---

[1]Though the Court of Appeals for the Eleventh Circuit has not determined the issue, this Court finds that Plaintiff, even if he is determined not to be disabled is entitled to the protection of 42 U.S.C. § 12112. *See Fredenburg v. Contra Costa County Dep't of Health Servs.*, 172 F.3d 1176, 1181-82 (9th Cir. 1999); *Cossette v. Minnesota Power & Light*, 188 F.3d 964, 969-70 (8th Cir. 1999); *Griffin v. Steeltek*, Inc., 160 F.3d 591, 594 (10th Cir. 1998); and *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1229 (10th Cir. 1997);


summary judgment in compliance with the Case Management Report on January 16, 2004. In ruling on Defendant's motion, this Court based its determination on its affirmative defense, but did not make a determination as to Defendant's contention that Plaintiff failed to make a *prima facie* case. Specifically, Defendant had argued that Plaintiff can not establish that the way in which he requested accommodation and opposed assessment were protected activities under the ADA. While Defendant's request to file a supplemental motion for summary judgment is denied, the Court will address the relevant portion of Defendant's original motion for summary judgment and Plaintiff's response thereto.

In order to qualify for the protection of the employment discrimination statutes, "the manner in which an employee expresses her opposition to an allegedly discriminatory employment practice must be reasonable." *Rollins v. State of Florida Dep't of Law Enforcement*, 868 F.2d 397, 401 (11th Cir. 1989).[2] If the employee's conduct in opposing the practice is found to be unreasonable, it falls outside the protection of the statute, and can thus be an independent, legitimate basis for the termination. *Id.* Therefore the relevant determination is whether the employee's conduct is reasonable in light of the circumstances. *Jefferies v. Harris County Community Action Ass'n*, 615 F.2d 1025, 1036 (5th Cir. 1980). "[T]he employer's right to run his business must be balanced against the rights of the employee to express his grievances and promote his own welfare." *Id* (citations omitted).

Defendant argues that Plaintiff, a lawyer for Defendant, violated his duties of loyalty and confidentiality to his client by hiring Mr. Thomas, an outside attorney who had recently sued

---

[2]While *Rollins* addresses a retaliation claim under Title VII, ADA retaliation claims are analyzed under the same framework. *Standard v. ABEL Services, Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).

Rayonier. Defendant cites various cases in which an employee's objection to an unlawful employment practice was deemed to be unreasonable and thus not considered "protected activity." In *Rosser v. Laborers' International Union of North America, Local No. 438*, 616 F.2d 221, 224 (5th Cir. 1980), the Court found that a dues clerk who had run against her boss in a union election to oppose the union's racial discrimination was not considered protected conduct because the dues clerk placed her loyalty in question. In *Jones v. Flagship International*, 793 F.2d 714, 726 (5th Cir. 1986), the Court found an attorney who filed not only her own discrimination charges, but also announced plans to initiate a class action and had solicited others to join the suit was not engaged in protected activity. In *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 366-67 (5th Cir. 1998) the Court found that an in-house attorney's disclosure of discrimination against her, discrimination against another employee and a business matter to the Department of Energy was considered a breach of ethical obligations, and thus not considered ethical conduct. However, each of these cases involve opposition that clearly disrupted business activities by involving other employees, and thus they are distinguishable from this case.

Viewing the facts in the light most favorable to the non-moving party, Defendant has failed to establish the unreasonableness of Plaintiff's conduct as a matter of law. Factual questions remain regarding what exactly Plaintiff disclosed to Mr. Thomas. Plaintiff states that in his meeting with Thomas, they only discussed the assessment, and his obligation, as an employee to submit to it. Pl. Resp. Attach. 14. Plaintiff maintains that he did not disclose any other subject. *Id.* Additionally, Plaintiff points to a statement by O'Grady which suggests that the hiring of Mr. Thomas to request a reasonable accommodation did not play a part in the decision to terminate Plaintiff. O'Grady 370:19. The Court finds that there remains a disputed issue of material fact as to whether the way

in which Plaintiff opposed the assessment was "reasonable under the circumstances" and thus summary judgment on this issue is not appropriate.

It is **ORDERED**:

1. Plaintiff's Motion to Alter the Judgment (Dkt. 171) is **GRANTED**.

2. Plaintiff' Motion for Summary Judgment (Dkt. 54) is **GRANTED in part** and **DENIED in part** in accordance with this Order.

3. Defendant's Motion for Reconsideration (Dkt. 175) is **DENIED**.

4. Defendant's Motion for Summary Judgment (Dkt. 51) is **DENIED**.


**DONE** and **ORDERED** in Jacksonville, Florida this 21st day of December, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record